IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DANA L. GUEST,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner,
Social Security Administration,

    Defendant.

Case No. 03-CV-507-FHM

### ORDER

The Motion for Relief Pursuant to Fed.R.Civ.P. 60(b)(6) [Dkt. 27] and the Motion for Attorney Fees Pursuant to §406(b) [Dkt. 28] filed by Plaintiff's counsel, have been fully briefed and are ripe for decision.

### Relief Under Fed.R.Civ.P. 60(b)(6) [Dkt.27]

The Court is required to exercise its discretion to determine whether a motion seeking relief under Rule 60(b)(6) for an award of fees under 42 U.S.C. § 406(b) has been filed "within a reasonable time of the Commissioner's decision awarding benefits." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Counsel's motion seeking relief under Rule 60(b)(6) was not filed until June 29, 2007, even though the Notice of Award in this case was dated August 9, 2005.

Counsel's assertion that the Commissioner's refusal to release an amount of money from past due benefits in an amount equal to the fees awarded by this Court under the Equal Access to Justice Act (EAJA) in other cases does not provide any excuse for the delay. It is not evident how any aspect of the EAJA pertains to the timing of counsel's instant motion for fees.

Counsel represents that, due in part to Plaintiff's return to work, he "does not know what the correct amount of Claimant's past due benefits was actually determined to be." [Dkt. 39, p. 4]. That representation contradicts the representation in the Motion for Attorney Fees that: "Total retroactive benefits in the amount of $52,558.00 were generated for the period August 1997 through May 2005." [Dkt. 28, p. 1].

The Court rejects Counsel's assertion that the delay in filing the motion is attributable to the "unsettled nature of the law regarding the application for and granting of §406(b) attorney fees." [Dkt. 27, p. 3]. The Tenth Circuit resolved the uncertainty of the law in this circuit regarding 406(b) fees on June 13, 2006, when it issued the *McGraw* decision. The Court is not persuaded that the possibility of a party requesting *certiorari* provides a reasonable excuse for the delay in filing the motion for fees until June 29, 2007. Nor is the Court persuaded that the requirements of General Order 07-06 provide an excuse for the delay. GO-07-06 was filed on March 28, 2007. In cases where motions for 406(b) fees were filed before the entry of GO-07-06, the Court issued orders requesting the information now required by GO-07-06. Such orders were entered in at least 2 cases handled by counsel or his firm, *Hill v. Barnhart*, 99-CV-1090-FHM, and *Shockley v. Barnhart*, 96-CV-1191-FHM.

Counsel cited *Simpson v. Astrue*, 01-CV-549-FHM (N.D. Okla. June 13, 2007) as an example of a case where §406(b) fees were awarded despite a greater passage of time between the Notice of Award and application for fees. However, since *McGraw* put counsel on notice that the application for fees must be filed within a reasonable time, the Court considers the pertinent measure for counsel's backlogged cases to be the length of time between the date of the *McGraw* decision and the filing of the motion for §406(b) fees. In

*Simpson,* the motion for fees was filed just under 10 months after the decision in *McGraw*. In the present case, the delay between *McGraw* and the filing of the motion was over twelve and a half months. Further the motion for fees in the instant case was even filed <u>after</u> the Court issued the order in *Simpson* where the Court questioned the timeliness of that application for fees.

Based on the foregoing, the Court finds that counsel has strained the requirement that a motion under Fed.R.Civ.P. 60(b)(6) be filed within a reasonable time to the breaking point. However, since Plaintiff has voiced no objection to counsel's request for fees, the Court will exercise its discretion to GRANT The Motion for Relief Pursuant to Fed.R.Civ.P. 60(b)(6) [Dkt. 27].

**Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 28]**

Counsel seeks approval of an attorney fee award of $ 9,139.50 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Plaintiff and counsel. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed that he does not object to an additional fee award. [Dkt. 29-2] The matter is ripe for decision. The Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 23] is GRANTED as provided herein.

Plaintiff appealed the Administrative denial of his application for Social Security benefits to this Court. The Court granted the Commissioner's motion to remand the case for further proceedings. The Court granted Plaintiff's application for an award of $4,646.30 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel performed before the Court. [Dkt. 26]. The EAJA award was paid to counsel by the Social Security Administration, at no cost to Plaintiff.

On remand the Commissioner determined that Plaintiff was entitled to disability benefits, including an award of past-due benefits. The Notice of Award reflects that the amount of past due benefits was $52,558.00 and of that amount 25% or $13,139.50 was withheld to pay the attorney's fee. [Dkt. 28-2, p.3]. Counsel was paid $4,000 for his work at the administrative level, which leaves $9,139.50 being withheld from Plaintiff's past-due benefits for court-related attorney fees.

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Title II Social Security case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved. A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of

past-due benefits while the case is pending in court. In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted. *Id.* 535 U.S. at 808, 122 S.Ct. at 1828. Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee. *Id.* at n.17.

Plaintiff and counsel entered into a contract [Dkt. 28-2, p. 6] which contains a contingency fee arrangement that provides if the attorney prevails before the federal court on Plaintiff's behalf, and Plaintiff is awarded benefits by the Social Security Administration, Plaintiff agrees to pay counsel a fee for federal court work equal to 25% of the past due benefits. Counsel asserts that he is responsible for a delay of two months resulting from extensions of time granted in which to file Plaintiff's brief for which a reduction of $399.75 is appropriate.

The undersigned concludes that a fee award of $8,739.75, which is 16.6% of Plaintiff's past due benefit award as reflected in the record submitted, is reasonable. That award comports with the contract between counsel and Plaintiff and is within the statutory limits of §406(b). Moreover, the fee yields an hourly rate of approximately $ 291 per hour for just over 30 hours, which does not amount to a windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid. And finally, when the amount of the EAJA fee award, $ 4646.30, is returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), the net amount paid by Plaintiff for court-related work is a fee that is 7.8 percent of Plaintiff's past due benefits.

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 28] is GRANTED as follows:

Counsel is awarded $8,739.75 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees. In accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), upon receipt of payment, counsel is required to refund $4646.30 to Plaintiff, which is the amount of the EAJA award.

SO ORDERED this 16th day of January, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE